UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CRYSTAL M. KITCHEN,

        Plaintiff,                      CIVIL ACTION NO. 06-15068

        v.                              DISTRICT JUDGE ARTHUR J. TARNOW

COMMISSIONER OF              MAGISTRATE JUDGE VIRGINIA M. MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

      This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion be granted and that plaintiff's cross-motion be denied.

**II. Background**

      On February 22, 2004, and March 22, 2004, plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging that she was disabled due to fibromyalgia, with an onset date January 16, 2004. (Tr. 60-62, 71, 196-200) Plaintiff completed high school, and has a work history including employment as a machine operator in a factory, an assembler in a warehouse, and a bottle return sorter in a store. (Tr. 72, 77)

The Social Security Administration (SSA) denied plaintiff's applications on May 21, 2004. (Tr. 45-49, 201) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 32) The hearing was held on December 22, 2005, before ALJ Keran Goheen. (Tr. 202-204) Plaintiff, represented by appointed counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE).

On July 24, 2006, the ALJ issued a decision denying plaintiff's claim. (Tr. 13-23) The ALJ determined that plaintiff had the following impairments: "fibromyalgia and degenerative disc disease of the lumbar spine." (Tr. 19) The ALJ also determined that plaintiff's impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii) and § 416.920(a)(4)(ii), but that she did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. (Tr. 19) The ALJ further determined that plaintiff has the residual functional capacity (RFC) to perform:

> sedentary work lifting 10 pounds occasionally and less than 10 pounds frequently; requires a sit/stand option with a 15 to 20 minute break every three hours; avoid postural activities; primarily gross handling; fine manipulation no more than occasionally; avoid close proximity to unprotected heights and dangerous machinery (due to lightheadedness); avoid cold temperatures; difficulty maintaining attention and concentration for extended periods limits the [plaintiff] to simple, repetitive tasks. [Tr. 19]

Taking into account plaintiff's age, education, work history, and residual functional capacity, as well as the hearing testimony of the VE, the ALJ concluded that there are "jobs that exist in significant numbers that plaintiff can perform." (Tr. 20) Accordingly, the ALJ found

that plaintiff was not "disabled" within the meaning of the Social Security Act. (Tr. 21) Plaintiff was 28 years-old at the time of the ALJ's decision. (Tr. 22-23)

On September 8, 2006, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 9) The Council denied the request on September 28, 2006. (Tr. 5-8) The ALJ's decision thus became the final determination of the Commissioner.

On November 13, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff contends that the ALJ erred in finding that the plaintiff could perform a "significant number" of jobs. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III. Legal Standards

#### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). See also 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

> in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). See also 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate both DIB and SSI claims. 20 C.F.R. §§ 404.1520, 416.920. In Foster, Id. at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

## IV. Analysis

At the fifth step of the five-step process used to evaluate both DIB and SSI claims, defendant is responsible for providing evidence that plaintiff, given her residual functional capacity and other vocational factors, is capable of performing other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). "[W]ork which exists in the national economy" means work which "exists in significant numbers either in the region where such individual lives or in several regions of the country." 20 C.F.R. § 404.1566(a); § 416.966(a). In this case, the ALJ determined that "[c]onsidering the [plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." (Tr. 22) The ALJ noted that the VE testified, in response to the ALJ's hypothetical, that plaintiff would be able to perform the requirements of representative occupations such as a packager, visual inspector, or

lobby attendant. The ALJ also noted that 2,200 such jobs exist in the local economy. (Tr. 22-23) In this case, plaintiff argues that 2,200 jobs is not a significant number of jobs.

The question of whether a significant number of jobs exist is "left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation." Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). Suggested, but non-exclusive, factors that should be looked at include "the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance the claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work and so on." Harmon v. Apfel, 168 F.3d 289, 292 (6th Cir. 1999), quoting Hall, supra, at 275.

While there is no set number for what constitutes a significant number of jobs in the national economy, the Sixth Circuit has consistently held that less than 2,200 in the local economy is a significant number of jobs. See Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988)(1,350 to 1,800 jobs in Dayton, Ohio area found to constitute "significant" number); Stewart v. Sullivan, 904 F.2d 708 (Table), 1990 WL 75248 at **4 (6th Cir.(Ky.))(125 jobs in area with population of 130,000 constituted significant number of jobs); Jones v. Commissioner of Social Security, 121 F.3d 708 (Table), 1997 WL 413641 (6th Cir.(Mich.))(1200 to 1500 jobs in Detroit, Michigan area constituted significant number); Vick v. Secretary of Health and Human Services, 961 F.2d 1580 (Table), 1992 WL 92833 (6th Cir.(Ky.))(1100 jobs). See also Jenkins v. Bowen, 861 F.2d 1083 (8th Cir. 1988)(500 jobs); Pollice v. Secretary of Health and Human Services, 843 F.2d 1392 (Table), 1988 WL 28536 (6th Cir.(Mich.))(3600 jobs in State of Michigan a "significant"

number)[1]. Moreover, plaintiff does not cite to any case where 2,200 or more jobs in the local economy was found to be an insignificant number and this court's research does not reveal any such case.

Applying the suggested factors to this case, also lends support for the ALJ's determination that a significant number of jobs exist. The first factor is the level of claimant's disability. Hall, supra, at 275. Plaintiff's impairments include "fibromyalgia and degenerative disc disease of the lumbar spine." (Tr. 19) As noted by plaintiff in her brief, the Sixth Circuit has observed that fibromyalgia presents a difficult and peculiar case because it "can only be diagnosed by elimination of other medical conditions which may manifest fibrositis-like symptoms of musculoskeletal pain, stiffness, and fatigue." Preston v. Secretary of Health and Human Services, 854 F.2d 815, 819 (6th Cir. 1988). This case, however, does not involve difficulties in diagnosing fibromyalgia and instead deals with its effects. In her brief, plaintiff urges this court to consider the pain, stiffness, and fatigue cause by the impairment, but it is clear that the ALJ took those conditions into account when forming the RFC and hypothetical. (Tr. 19, 237-238) Plaintiff does not challenge the RFC or hypothetical, and the VE found that plaintiff could perform 2,200 jobs in the local economy only after considering the limitations posed in the hypothetical.

The second suggested factor is the reliability of the VE's testimony. Hall, supra, at 275. Plaintiff does not challenge the reliability of the VE's testimony in her brief and there is no

---

[1] In this case, the VE testified that plaintiff could perform the requirements of 4,400 jobs in the State of Michigan. (Tr. 238)

evidence in the record suggesting that the VE's testimony is unreliable.  The VE qualifications were accepted by the ALJ (Tr. 235), and this court should conclude both that the VE's testimony was reliable, and that plaintiff could perform 2,200 jobs in the local economy.

The third suggested factor is the reliability of the claimant's testimony.  <u>Hall</u>, <u>supra</u>, at 275.  The ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the [plaintiff's] statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible."  (Tr. 19) The ALJ also provided a number of reasons for its credibility determination.  (Tr. 19-21) Plaintiff does not challenge this credibility determination in her brief, nor does she appear to have any grounds to challenge it.  The reliability of the plaintiff's testimony therefore supports the ALJ's conclusion that a significant number of jobs existed.

The fourth suggested factor is the distance the claimant is capable of traveling to engage in the assigned work.  <u>Hall</u>, <u>supra</u>, at 275.  This factor, however, has been modified by subsequent cases.  An inability to travel long distances is now seen as a trait extrinsic to the claimed disability and should not be considered.  <u>See</u>  <u>Harmon v. Apfel</u>, 168 F.3d 289, 292-293 (6th Cir. 1999).  "A person, otherwise able to work, is in effect offered a choice: he can choose either to commute the distance to his job or he can move closer and avoid the expense and inconvenience.  Disability insurance is not available to fund his decision to live far from his job." <u>Harmon</u>, <u>supra</u>, at 292-293, quoting <u>Lopez Diaz v. Secretary of Health, Educ. and Welfare</u>, 585 F.2d 1137, 1140 (1st Cir. 1978).  Plaintiff does not allege any traits intrinsic to her claimed

disability prevent her from traveling to work and this factor, therefore, supports the ALJ's determination.

The fifth suggested factor is the isolated nature of the jobs. Hall, supra, at 275. Plaintiff does not argue, nor does anything in the record suggest, that the jobs discussed by the VE are isolated. Thus, this factor also supports the ALJ's decision.

The sixth and last suggested factor is the types and availability of such work. Hall, supra, at 275. Regarding the types of such work, the VE listed three jobs; packager, visual inspector, or lobby attendant. Those jobs involve different fields, types of work, and companies. Nothing in the record, however, discusses the availability of such work. While such an omission does not preclude a finding a disability,[2] it provides no support for the ALJ's determination.

In her brief, plaintiff suggests two other factors that she claims weigh in her favor. First, plaintiff notes that she is a young woman who does not have much job experience. Contrary to plaintiff's argument, however, the Social Security regulations provide that only advancing age is a limiting factor and that one generally should not conclude that a claimant's age will seriously affect her ability to adjust to other work where she is under age fifty. 20 C.F.R. §§ 404.1563(a)-(c); 416.9639(a)-(c). Plaintiff also argues that it is not clear if a significant number of jobs exist because the record is silent on whether the VE was referring to full-time or part-time jobs. Nothing in the record, however, suggests that the VE was referring to part-time positions and, as noted by defendant, the Social Security Ruling that specifies that a claimant is disabled if she can

---

[2]Under the regulations, a claimant can be found to be not disabled where there are no job openings and where the person would not actually be hired for the jobs she is capable of performing. 20 C.F.R. § 404.1566(c)(6)-(7); § 416.966(c)(6)-(7).

only perform part-time work has been in place for over ten years, so it is likely that the ALJ and VE knew they should only discuss full-time jobs. Moreover, plaintiff's attorney did not raise the issue of whether the VE was referring to full-time or part-time positions at the hearing, which suggests that this issue was never in dispute.

Taking all factors and previous cases into account, and using common sense in weighing the statutory language as applied to a particular claimant's factual situation, the ALJ had substantial evidence supporting its determination that 2,200 jobs in the local economy constitutes work that exists in significant numbers in the national economy. Plaintiff is a young woman who, while impaired, has the residual functional capacity to travel to and perform jobs that the VE reliably testified exist in the local economy. While it is unclear how many such jobs are available, they are not isolated positions and the Sixth Circuit has previously found that a lesser number of existing jobs constitutes a significant number.

**V. Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                s/Virginia M. Morgan
                Virginia M. Morgan
                United States Magistrate Judge

Dated: May 29, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on May 29, 2007.

                s/Jane Johnson
                Case Manager to
                Magistrate Judge Virginia M. Morgan